# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:03cr95.2 |
| | § | |
| CHARLES WESLEY LUFF | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 11, 2007 to determine whether the defendant violated his supervised release. The defendant was represented by Robert Arrambide. The Government was represented by Sam Cantrell.

On January 14, 2004, Defendant was sentenced by the Honorable Leonard Davis to 18 months imprisonment followed by a 3-year term of supervised release for the offenses of Conspiracy to Commit Arson; Use of Fire to Commit a Felony; and Mail Fraud. On April 12, 2005, the defendant completed his period of imprisonment and began serving his supervised term.

On October 31, 2006 the U.S. Probation Officer for the Eastern District of Texas filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following conditions: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use,

distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (3) the defendant shall abstain from the use of alcohol and all other intoxicants during his term of supervision; (4) the defendant shall abstain from any unlawful use of a controlled substance, and the defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer; (5) the defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (6) the defendant shall pay restitution of $50,000.00, jointly and severally, on a monthly basis at the rate of at least 10% of his monthly gross income; (7) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; (8) the defendant shall abstain from the use of alcohol and other intoxicants during his term of supervision; and (9) the defendant shall be placed on home detention for a period not to exceed 120 days, to commence immediately.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer.  At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

The petition alleges that Defendant committed the following acts: (1) on May 24, 2005, the defendant committed the offense of Public Intoxication in Lewisville, Texas and was convicted of this offense on May 25, 2005; (2) on October 30, 2005, the defendant committed the offense of Driving While Intoxicated (DWI) in Lewisville, TX, was convicted of this offense on March 14, 2006, in Denton County Criminal Court, and was sentenced to 18 months probation; (3) on May 18, 2006, the defendant committed the offense of Public Intoxication in Denton, TX and was convicted of this offense on June 23, 2006; (4) the defendant submitted a urine specimen on July 12, 2005, that tested positive for cocaine, and a urine specimen on August 8, 2006, that tested positive for marijuana; (5) the defendant failed to report to the probation officer as directed on August 15, 2006, August 21, 2006, August 28, 2006, and for the entire month of August 2006; (7) the defendant failed to submit his August 2006 written monthly report within the first five days of the month; (8) the defendant has failed to pay restitution as directed and is presently $450 delinquent.  The current restitution balance is $44,250; (9) the defendant failed to attend drug treatment sessions at Addiction Recovery Center in Lewisville, TX, as directed.  The defendant was directed to attend weekly individual sessions, but has not attended since June 28, 2006.  He cancelled a scheduled session on July 5, 2006, due to a reported job conflict, but failed to follow-up with the treatment provider as directed, and thus did not attend any sessions in July or August 2006.  The defendant also failed to report for drug testing on July 25, 2006, August 12, 14 and 21, 2006, and September 6, 2006.  On September 5, 2006, the defendant was unsuccessfully discharged from drug

treatment at Addiction Recovery Center due to his repeated absences from counseling sessions and failure to follow treatment recommendations; (9) the defendant's conditions of supervision were modified to include a stipulation for alcohol abstinence on July 13, 2005.  During an office visit on May 26, 2006, the defendant submitted to a portable breathalyzer exam which revealed the presence of alcohol at the level of .02; and (10) on May 3, 2006, the defendant violated the conditions of his period of home confinement.  While the defendant was in a curfew status, he telephoned this officer and advised he was called by his employer, Costco, and asked to come to work on his normal day off.  The defendant requested permission to have his home confinement schedule adjusted to allow him time out from 5 p.m. to 10 p.m. for employment.  However, during a routine employment visit later this date, the officer was informed by defendant's supervisor that the defendant was not called in to work this date, and further, that his employment with Costco was terminated on April 28, 2006.  As such, the defendant incurred an unauthorized leave violation.

Prior to the Government putting on its case, Defendant entered a plea of true to all violations.  At the hearing, the Court recommended that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Court revoke Defendant's supervised release.  Pursuant to the Sentencing Reform Act of 1984, the Court recommends that  Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, followed by a 26 month term of

supervised release, subject to the originally-imposed mandatory and standard conditions of supervision, in addition to the following special conditions:

It is further ordered that the defendant pay restitution in the amount of $43,850 to Peggy Harvey. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

It is further ordered that the defendant pay a fine of $2,000. The fine is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his compliance with the terms of the judgment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 16th day of January, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE